HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CYRIL J. WORM,

        Plaintiff,

   v.

NORTHWEST TRUSTEE SERVICES
OF WASHINGTON, et al.,

        Defendants.

CASE NO. C15-5035 RBL

ORDER GRANTING MOTION TO REMAND

[Dkt. #s 10, 11 and 12]

      THIS MATTER is before the Court on Plaintiff Worm's Motion to Remand [Dkt. #11]. The case involves an attempted foreclosure, and Worm's claims that the various entities involved and related to his Deed of Trust and alleged default violated (only) Washington's Consumer Protection Act—he did not allege the violation of any Federal statutes, as many in-default borrowers often do in seeking to stave off foreclosure.

      Defendant Residential Credit Solutions removed the case citing diversity jurisdiction, claiming that Defendant Northwest Trustee Services was only a "nominal" defendant, and suggesting that Worm had sued NWTS fraudulently.

1    Worm's Motion argues that whether or not his claim against NWTS is viable, it is clear
2    that he did not sue NWTS fraudulently or that that entity is a nominal defendant. He very
3    specifically does allege that NWTS violated the CPA, and he seeks affirmative relief from it.
4    There is no suggestion that NWTS was named in an effort to defeat diversity; the Court
5    can take judicial notice that Trustees are often, if not uniformly, sued in these sorts of cases. The
6    only unusual aspect of this case is that it does not involve federal claims, and Defendant's
7    removal cited to 28 U.S.C. §1332 (diversity) rather than §1331 (federal question).
8    Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196
9    (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the
10   burden of proof on a motion to remand to state court. The removal statute is strictly construed
11   against removal jurisdiction. The strong presumption against removal jurisdiction mans that the
12   defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at
13   1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v.*
14   *Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any
15   doubt as to the right of removal in the first instance. *Id.* at 566.
16   RSC's arguments about the viability of Worm's claims against NWTS do not establish
17   that NWTS is a "nominal" defendant. It is not.
18   /
19   /
20   /
21   /
22   /
23
24

[DKT. #S 10, 11 AND 12] - 2

1  The Motion to Remand [Dkt. #11] is GRANTED, and this matter is REMANDED to
2  Mason County Superior Court.  Defendant's Motion to DISMISS [Dkt. #10] is DENIED as
3  moot.  Worm's Motion for an Extension of Time [Dkt. #12]  is DENIED as moot.
4  IT IS SO ORDERED.
5  Dated this 23rd day of March, 2015.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE